IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANTONIA MAURICE WORRELL,

      Petitioner,

v.                                    Civil Action No. 5:07CV90
                                                    (STAMP)
THE U.S. PAROLE COMMISSION,

      Respondent.


**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**


I.  Background

On July 16, 2007, Antonio Maurice Worrell, a pro se petitioner
and inmate at the Federal Correctional Institute, Gilmer, filed a
petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.
The petition was referred to United States Magistrate Judge John S.
Kaull for preliminary review pursuant to Local Rule of Prisoner
Litigation Procedure 83.09.  On July 16, 2007, the magistrate judge
issued an order, finding that summary dismissal was not warranted
at that time, and directing the respondent within thirty days from
the date of the order to show cause why the writ should not be
granted.

After the respondent failed to show cause within the
prescribed time, the petitioner filed a motion to grant relief on
October 31, 2007, arguing that because the respondent did not file
a timely response, the petitioner should be granted immediate
release.  Later that same day, respondent filed a motion for

enlargement of time to file its response. The magistrate judge granted the respondent's motion on November 1, 2007, and the respondent filed its response on November 8, 2007.

On April 18, 2008, the magistrate judge issued a report recommending that petitioner's motion to grant relief be denied and that respondent's response on November 8, 2007, be deemed timely. The magistrate judge informed the parties that they must file any objections to the report and recommendation within ten days after being served with copies of this report. On April 25, 2008, the petitioner filed objections.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." <u>See</u> <u>Webb v. Califano</u>, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner in this case filed objections, this Court will undertake a <u>de novo</u> review of the report and recommendation.

## III. Discussion

The defendant makes one objection to the report and recommendation. The defendant contends that the recommendation of the magistrate judge to deny the defendant's motion to grant relief

is clearly erroneous because the respondent failed to show cause or file for an enlargement of time to show cause before the time outlined by the magistrate judge in his order.

The defendant's objection is without merit. Rule 55(e) of the Federal Rules of Civil Procedure provides that "[a] default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court."  Indeed, several courts have held that entry of a default judgment against the United States, its officers, or its agencies is not appropriate for the simple reason that it failed to timely file a responsive pleading.  <u>See e.g.</u> <u>Sun v. United States</u>, 342 F. Supp. 2d 1120, 1124 (N.D. Ga. 2004)("[E]ntry of default judgment against the United States will not be based simply on a failure to file an answer or responsive pleading"); <u>United States v. Zulli</u>, 418 F. Supp. 252 (E.D. Pa. 1975)("Failure of the Government to respond within the 60 day rule [to a counterclaim] does not constitute adequate evidence for entry of a default judgment against it"); <u>Greenbaum v. United States</u>, 360 F. Supp. 784, 789 (E.D. Pa. 1973) ("A court may not enter a default judgment against the Government merely for failure to file a timely response").

In <u>United States v. Dill</u>, 555 F. Supp. 2d 514 (E.D. Pa. 2008), the court recognized that entry of a default judgment against the government is even more disfavored when the moving party is seeking

habeas corpus relief.  In that case, the defendant filed a habeas corpus motion pursuant to 28 U.S.C. § 2255.  Id. at 516.  The court entered an order directing the government to respond to the writ within thirty days.  Id.  When the government failed to respond within those thirty days, the defendant moved for a default judgment.  Id.  Approximately fifteen days later, the government responded to defendant's habeas corpus motion.  Id.  The court denied the defendant's petition for entry of default and held that a default judgment was inappropriate:

> "[W]ere district courts to enter default judgments without reaching the merits of [habeas] claim, it would not be the defaulting party but the public at large that would be made to suffer, by bearing either the risk of releasing prisoners that in all likelihood were duly convicted, or the costly process of retrying them."

Dill, 555 F. Supp. 2d at 521 (citing Bermudez v. Reid, 733 F.2d 18, 21 (2d Cir. 1984)).

In this case, the petitioner is not entitled to a default judgment.  Respondent is a commission of the United States Department of Justice.  It is for this reason, and pursuant to Rule 55(e) of the Federal Rules of Civil Procedure, as well as the applicable case law, that entry of a default judgment against the respondent is not warranted simply because it failed to file a timely response to the magistrate judge's order to show cause.  After missing the initial response date, the respondent filed a motion for enlargement of time, requesting an extension to respond to the magistrate judge's order.  The magistrate judge approved

4

that request, and the respondent thereafter filed a timely response.[1] Accordingly, the petitioner has not been unfairly prejudiced. Petitioner had thirty days from the date the respondent filed its response to the magistrate judge's order to show cause to file a reply. Therefore, the petitioner's objections are without merit, and this Court finds that the report and recommendation of the magistrate judge must be affirmed.

## IV. <u>Conclusion</u>

Because, after a <u>de novo</u> review, this Court concludes that the magistrate judge's recommendation is proper and the petitioner's objections to the report and recommendation lack merit, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, the petitioner's motion to grant relief is DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the defendant and to counsel of record herein.

---

[1]Rule 6(b) of the Federal Rules of Civil Procedure authorizes a court to extend the time a party has to respond "for good cause." In his report, the magistrate judge found that the respondent had good cause for its initial failure to respond to the court's order. This Court agrees. In its motion, the respondent requests an extension of time so that it could review information that it had only recently received from the Parole Commission.

DATED:      August 28, 2008


                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE