IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANTONIO MAURICE WORRELL,

    Petitioner,

v.                                    Civil Action No. 5:07CV90
                                                (STAMP)

KUMA DEBOO, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND DENYING AS MOOT MOTION TO
EXPEDITE WRIT OF HABEAS CORPUS**

I. Procedural History

The pro se[1] petitioner and inmate at the Federal Correctional Institute-Gilmer ("FCI-Gilmer"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging revocation proceedings held by the United States Parole Commission ("the Commission").

This matter was referred to United States Magistrate Judge John S. Kaull for a report and recommendation pursuant to Local Rule of Prisoner Litigation 83.09. On February 24, 2009, the magistrate judge issued a report and recommendation recommending that the petitioner's § 2241 petition be denied and dismissed with prejudice. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation.

The petitioner filed timely objections. Additionally, after the magistrate judge entered his report and recommendation, the petitioner filed a motion to expedite his writ of habeas corpus, requesting that this Court expedite his case. For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge should be affirmed and adopted in its entirety, that the petitioner's § 2241 petition should be dismissed with prejudice, and that the petitioner's motion to expedite his writ of habeas corpus should be denied as moot.

## II. Facts

The petitioner was convicted in the Superior Court of the District of Columbia to the following terms of imprisonment: (1) zero months to twelve years on January 24, 1980 for burglary; (2) five to fifteen months on April 23, 1980 for unauthorized use of a vehicle; and (3) sixteen months to four years on April 29, 1980 for unauthorized use of a vehicle. In August 1981, the petitioner was paroled with a full term date of October 12, 1996, but his parole was later revoked after he committed a new crime and was sentenced to eighteen months to six years in July 1982. The petitioner was reparoled with a new full term date of October 11, 1997 on December 2, 1983.

In January 1986, the petitioner was admitted to the North Carolina Division of Prisons to serve an eighteen-year sentence for

his conviction of being an accessory after murder and multiple counts of possessing stolen property. The District of Columbia Board of Parole ("Board of Parole") issued a warrant lodged as a detainer so that upon the petitioner's release in January 1992 from the custody of the State of North Carolina, his District of Columbia parole would be revoked. After the petitioner escaped from custody, he was convicted by the District of Columbia Superior Court for attempted prison breach and received a term of imprisonment of ninety days. The petitioner was reparoled in May 1998, with a new full term date of January 8, 2006, but the petitioner did not sign the "Statement of the Conditions Under Which [his] Parole is Granted."

Thereafter, in June 2002, the petitioner was arrested for carrying a pistol without a license/felon in possession of a firearm. The petitioner's Community Supervision Officer ("CSO") requested that the Commission[2] issue a warrant, but the Commission instead requested additional documentation of the petitioner's arrest. The petitioner was also charged with first degree assault with a knife, and the Commission requested more information on that offense, as well.[3] The petitioner was convicted in the United

---

[2]The United States Parole Commission assumed exclusive jurisdiction over all District of Columbia Code offenders on August 5, 1998 pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997. See Franklin v. District of Columbia, 163 F.3d 625, 632 (D.C. Cir. 1998).

[3]The CSO informed the Commission that the assault with a knife had been noelle prossed.

States District Court for the District of Columbia of the unlawful possession of a firearm, sentenced to time served in August 2004, and was set to serve a term of supervised release on that charge. When the petitioner did not report for parole supervision, however, the Commission prepared the documents for a parole violator warrant, signed by Commissioner Isaac Fulwood on February 24, 2005.[4]

On March 27, 2006, the United States Marshals Service ("USMS") advised the Commission that it had lost or misplaced the original February 24, 2005 warrant and requested another copy of such warrant. When the Commission could not find the petitioner's parole file, however, it pulled an unsigned copy of the warrant from its computer directory and had Commissioner Fulwood resign the warrant as of March 27, 2006. A copy of this warrant was provided to the USMS for execution.

The petitioner was arrested on the parole violation in April 2006, and the hearing examiner at the petitioner's probable cause hearing found that probable cause existed to believe that the petitioner had violated the conditions of his parole. A parole revocation hearing was scheduled for June 8, 2006, but the Commission was informed on May 29, 2006 that the Public Defender's Office no longer represented the petitioner. Thus, the Commission

---

[4]The magistrate judge notes in his report and recommendation that the date on the warrant is somewhat ambiguous, but that from an examination of the document, it appears that February 24, 2005 is the correct date.

granted the petitioner and his new counsel additional time to prepare for his revocation hearing, which was then scheduled for November 1, 2006. At that hearing, the petitioner argued that the Commission's warrant was executed after the expiration of his full term date, and thus, the Commission did not have jurisdiction to revoke his parole. The Commission found that the warrant was timely issued and revoked the petitioner's parole. The petitioner appealed this decision to the National Appeals Board, and the Commission's decision was affirmed on appeal.

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 458 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

### IV. Discussion

A. Section 2241 Petition

The petitioner's § 2241 petition asserts several grounds for relief, which are generally as follows: (1) the Commission created fraudulent documents and warrants to retain jurisdiction; (2) a

5

Commission member signed a false declaration in the District of Columbia Superior Court; (3) the petitioner was arrested on the warrant signed February 27, 2006, rather than the warrant signed in 2005; (4) the Commission's rules were violated because neither the Board nor the petitioner signed a parole certificate; (5) the Commission delayed the issuance of a warrant; and (6) the Commission did not send a warrant to the USMS in 2005 for the petitioner's arrest or detainment. This Court will discuss each of these arguments in turn.

   1.   Ground One: Fraudulent Documents/Warrant to Keep Jurisdiction

In Ground One of his petition, the petitioner asserts that the Commission "made fraudulent documents and knowing(ly) submitted false statements(,) in order to aviod (sic) losing jurisdiction over [him]." (Pet. at 5.) Specifically, the petitioner claims that the Commission falsified government documents by creating fictitious arrest warrants, and that Parole Commission Chairman Edward F. Reilly, Jr. gave false information when questioned by United States Congresswoman Eleanor Holmes Norton. In his report and recommendation, the magistrate judge held that the petitioner failed to show that the Commission fraudulently or falsely made the warrants in an effort to retain jurisdiction over him. This Court must reject the petitioner's objections on this issue and agree with the report and recommendation of the magistrate judge.

"Government officials are presumed to act in good faith." Bridge v. United States Parole Comm'n, 981 F.2d 97, 106 (3d Cir. 1992). This presumption of good faith extends to parole board members. Zannino v. Arnold, 531 F.2d 687 (3d Cir. 1976). In this case, the Commission explained that the warrant was prepared on February 23, 2005, but that it was not signed by Commissioner Fulwood until February 24, 2005. The second warrant, issued on March 27, 2006, was a duplicate warrant sent by the Commission to the USMS at its request. Indeed, the USMS requested this warrant when the original was lost, and the Commission prepared a new warrant from a computer template after it was unable to find the original warrant at the time. This second warrant was re-signed by Commissioner Fulwood in March 2006. Further, the respondent asserts that Chairman Reilly's letter to Congresswoman Norton cannot support any argument that the Commission issued a fraudulent warrant because Chairman Reilly simply misread the date that Commissioner Fulwood signed the warrant.

This Court finds that the petitioner has "failed to overcome the presumption of honesty and integrity that clothes decision makers." Sacco v. United States Parole Comm'n, 639 F.2d 441, 443 (8th Cir. 1981). The petitioner has failed to show that the explanation provided by the Commission regarding differing dates is unreasonable or false, or that the warrants were either fraudulent or forged. See Franklin v. Fenton, 642 F.2d 760 (3d Cir. 1980) (recognizing the Commission's authority to issue a duplicate

warrant where the original could not be located). Rather, the petitioner has only asserted a "naked claim" that these documents were fraudulently created to retain jurisdiction over him that "is not of sufficient substance to overcome this presumption" of good faith. Sacco, 639 F.2d at 443. Thus, because the petitioner has failed to show that the Commission fraudulently or falsely made the warrants in an effort to retain jurisdiction over him, Ground One of the petitioner's § 2241 petition is meritless.

    2.   Ground Two: False Declaration

The petitioner asserts in Ground Two of his petition that Ms. Jordana Randall, a case analyst for the Commission, signed a declaration stating that the petitioner's original arrest warrant was issued February 24, 2005, and that a second warrant, dated March 27, 2006, was later provided to the USMS pursuant to its request. Claiming that the USMS would have no reason to request a replacement copy because a copy of his warrant would have been filed in the computer, the petitioner argues that Ms. Randall's declaration was false. The magistrate judge recommended that this claim be dismissed to which the petitioner objected.

The petitioner has provided no evidence that Ms. Randall signed a false declaration, and Ms. Randall swore, under penalty of perjury, that the statements made in that declaration were true and correct. Further, based upon a de novo review, this Court must agree with the magistrate judge that the petitioner's argument about computer copies is meritless. The USMS requires an original

hard copy of the warrant to process the petitioner's arrest. Assuming that a computer copy even existed, therefore, the USMS could not simply reprint a copy of the petitioner's warrant from a computer database without requesting a second hard copy from the Commission. Accordingly, Ground Two of the petitioner's § 2241 petition must fail.

    3.   <u>Ground Three: Date of Warrant</u>

In Ground Three of his petition, the petitioner asserts that although he was arrested in his home on April 6, 2006 on a parole violation warrant, this warrant was invalid because the warrant was signed on March 27, 2006, after the full term expiration date of his sentence expired on January 8, 2006. Additionally, the petitioner asserts that because a warrant may only be issued within 180 days of the prisoner's maximum term, pursuant to § 2.44(c) of the United States Parole Manual, any warrant in his case would have had to issue before July 8, 2005. Finally, in this ground, the petitioner asserts that the basis for his parole violation warrant was the failure to report from May 1998 and his August 2004 district court conviction, but it took the Commission seven years to violate him for failing to report in May 1998. The magistrate judge recommended that this claim be dismissed, and the petitioner filed objections.

To the extent that this Court can consider this issue in these proceedings, this Court agrees with the magistrate judge that the

9

issue lacks merit.[5]  The original warrant issued by Commissioner Fulwood was signed on February 24, 2005, before the expiration of the petitioner's full term date.  The petitioner was subject to parole supervision, pursuant to District of Columbia Code § 24-204, until the expiration of his sentence.  The petitioner's claim regarding the authenticity of this February 24, 2005 arrest warrant, as previously held by this Court, is without merit.  Thus, because the Commission timely executed the petitioner's arrest warrant, it retained jurisdiction over the petitioner even after his full term expiration date passed.  See 28 C.F.R. § 2.98(e) (a parole violation must be issued prior to the execution of the term of the parolee's sentence); Martin v. Luther, 689 F.2d 109, 114 (7th Cir. 1982) (holding that the Commission retains jurisdiction to revoke parole after expiration of maximum term if warrant issued prior to expiration); Anderson v. United States, 898 F.2d 751, 752 (9th Cir. 1990) (finding that the "issuance of [a] parole violator warrant tolled the running of . . . federal sentence").

Moreover, the petitioner's argument that the warrant was not valid because it was not issued before 180 days of his maximum term is meritless.  The petitioner cites to § 2.44(c) of the Parole

---

[5] The respondent notes that the petitioner filed a writ of habeas corpus concerning this issue with the Superior Court of the District of Columbia, that the issue was fully considered on the merits, and that the court denied relief.  Thus, the respondent argues that this issue is barred by the principles of res judicata. See Warren v. McCall, 709 F.2d 1183, 1184 (7th Cir. 1983) (a final judgment on the merits precludes a party from relitigating the issue in subsequent litigation).

Manual in support of his claim, which states that for prisoners released under 18 U.S.C. § 4164, a summons must be issued within the maximum term, less 180 days. That section, however, relates to mandatory release dates, not full term expiration dates, and thus, this provision is inapplicable. Therefore, Ground Three lacks merit.

    4. <u>Ground Four: Unsigned Parole Certificate</u>

In Ground Four of his petition, the petitioner asserts that because the Commission failed to sign his parole paperwork and did not require the petitioner to sign his Certificate of Parole at the time he was released, he could not have violated the conditions of his parole as he never agreed to abide by such conditions. Finding that the petitioner was aware of his parole obligations despite this lack of record of his parole, the magistrate judge recommended that the petitioner not be entitled to habeas relief on this ground. The petitioner objected to the magistrate judge's recommendation on this issue.

The failure to sign a parole certificate does not excuse a parolee of his parole obligations. <u>Green v. Christiansen</u>, 732 F.2d 1397, 1399 (9th Cir. 1984) ("A ministerial mistake does not necessarily excuse [the petitioner] from serving the rest of his sentence"); <u>Russie v. United States Dep't of Justice</u>, 708 F.2d 1445, 1448 (9th Cir. 1982) (holding that Commission is not estopped from exercising jurisdiction despite probation officer's mistaken order of discharge); <u>United States v. Merritt</u>, 478 F. Supp 804, 807

(D.D.C. 1979) ("A convicted person will not be excused from serving his sentence merely because someone in a ministerial capacity makes a mistake with respect to its execution."). Here, the petitioner was released on parole from the State of North Carolina, and regardless of whether he signed a Certificate of Parole, he knew that his District of Columbia sentence did not expire until January 8, 2006. Furthermore, because the petitioner attempted to report, he understood that he had an obligation to report as part of his parole obligation. Therefore, even if the petitioner did not sign a Certificate of Parole, he was aware of his obligation and chose to ignore it.

Also, as the respondent argues, some obligations of parole are so fundamental to supervision that no parolee can reasonably believe that he is not required to perform them. Reporting is one such obligation. See United States v. Manfredonia, 341 F. Supp. 790, 795 (D.C.N.Y. 1972) ("The requirement to report, to account, is centrally and necessarily implied in the probationer's status."). Thus, because the petitioner was not discharged from his parole obligations, Ground Four must be dismissed.

    5.    <u>Ground Five: Delay in Issuing Warrant</u>

The petitioner asserts in Ground Five of his petition that although he was arrested on June 12, 2002 for possession of a firearm, the Commission prejudicially delayed a warrant after the expiration of his sentence. The magistrate judge recommended that this claim be dismissed because the petitioner failed to show how

he was prejudiced by the delay in his proceedings, and the petitioner objected. This Court agrees with the magistrate judge that this claim must be dismissed.

A petitioner must show that the delay in issuing a warrant was unreasonable or prejudicial to be entitled to habeas relief. Gaddy v. Michaels, 519 F.2d 669, 673 (4th Cir. 1975). Furthermore, "[i]n the case of a parolee who is charged with a criminal offense and who is awaiting disposition of such charge, issuance of a summons or warrant may be (1) temporarily withheld; (2) issued by the Commission and held in abeyance; (3) issued by the Commission and a detainer lodged with the custodial authority; or (4) issued for the retaking of the parolee." 28 C.F.R. § 2.98(c).

In this case, the respondent asserts that the petitioner first violated his terms of parole by failing to report to parole supervision upon his release from the State of North Carolina in May 1998, and that the Commission acted upon that information as soon as it was discovered. Further, the respondent argues that the Commission acted with reasonable diligence in obtaining information regarding the petitioner's 2004 conviction. Finally, the respondent argues that the delay in the petitioner's case did not prejudice his ability to challenge the parole violations or to produce mitigating evidence.

This Court finds the respondent's arguments persuasive and holds that the petitioner has failed to establish how he was prejudiced by the delay in his proceedings. The Commission acted

upon the parole violations promptly after they were discovered, and acted within its discretion to withhold proceedings when the petitioner was arrested by the District of Columbia district court. The violation warrant was issued soon after the petitioner's conviction in that subsequent case. Thus, this Court holds that the actions of the Commission were not unreasonable, and that the petitioner's claim has no merit.

6.  Ground Six: No Warrant Sent to United States Marshals Service in 2005

In the final ground of his § 2241 petition, the petitioner asserts that the Commission never sent a warrant to the USMS in 2005. In support of his claim, the petitioner asserts that he committed a violation of his district court supervision on February 17, 2005 and was sent to FCI-Gilmer shortly thereafter. The petitioner further asserts that officials at FCI-Gilmer contacted the USMS both on April 15, 2005 and May 15, 2005 to ascertain whether the petitioner had any outstanding warrants or detainers, and that USMS told FCI-Gilmer that there was no record of any warrant or detainers against him at that time. According to the petitioner, officials at FCI-Gilmer again checked for any outstanding warrants or detainers against the petitioner upon his release from his violation term on February 21, 2006, and none existed. In his report and recommendation, the magistrate judge recommended that this claim be denied, and the petitioner subsequently filed objections reasserting the facts presented in

his original petition. This Court agrees with the magistrate judge that this claim has no merit and must be denied.

The petitioner's allegations are insufficient to show that a warrant was never sent to the USMS in 2005. As previously discussed, the petitioner's original parole violator warrant from 2005 had been lost, so that it would not necessarily show up on a report, nor would the USMS be able to report the warrant to Bureau of Prisons officials. As the magistrate judge correctly recognized, "the mere fact that BOP officials were not told about the petitioner's parole violator warrant, simply does not prove it did not exist or that it was never sent to the USMS in 2005." (Report and Recommendation at 14-15.) Thus, this ground is meritless and must be dismissed.

B. <u>Motion to Expedite Petitioner's Writ of Habeas Corpus</u>

In light of this Court's decision to affirm and adopt the magistrate judge's report and recommendation dismissing the petitioner's § 2241 petition, the petitioner's motion to expedite his writ of habeas corpus is denied as moot.

V. <u>Conclusion</u>

Based upon a <u>de novo</u> review, this Court finds that the report and recommendation of the magistrate judge should be, and is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the petitioner's § 2241 petition is DENIED and DISMISSED WITH PREJUDICE. Furthermore, the petitioner's motion to expedite writ of habeas corpus is DENIED AS MOOT. It is further

ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date that the judgment order in this case is entered. See Fed. R. App. P. 4(a)(1). He is further advised that a certificate of appealability is not required for a federal prisoner proceeding under 28 U.S.C. § 2241. See 28 U.S.C. § 2253(c) (certificate of appealability is required in a § 2255 proceeding or in a habeas corpus proceeding in which the detention complained of arises from process issued by a State court); see also Fed. R. App. P. 22; Drax v. Reno, 338 F.3d 98, 106 n. 12 (2d Cir. 2003).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED: May 20, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE